UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| **COREY QUINN,** | ) |
| | ) |
|     Plaintiff | ) |
| vs. | ) |
| | ) |
| **GC SERVICES LIMITED PARTNERSHIP,** | ) |
| | ) |
|     Defendant | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, Corey Quinn, by and through his undersigned counsel, and complains against Defendant, GC Services Limited Partnership, as follows:

**I. INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Maine Fair Debt Collection Practices Act, Title 32 M.R.S.A. § 11001 *et seq.* (hereinafter, "State Act"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the

Defendant transacted business here, the conduct complained of occurred here, and the Plaintiff resides here.

### III.  PARTIES

3.  Plaintiff, Corey Quinn, is a natural person residing in Kenduskeag, County of Penobscot, State of Maine, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4.  Defendant, GC Services Limited Partnership, is a Delaware limited partnership engaged in the business of collecting debts with its principal place of business located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware  19801.  The principal purpose of Defendant, GC Services Limited Partnership, is the collection of debts using the mails and telephone and Defendant, GC Services Limited Partnership, regularly attempts to collect debts alleged to be due another.

5.  Defendant is a "debt collector" as defined by FDCPA, 15 U.S.C. § 1692a(6).

### IV.  FACTUAL ALLEGATIONS

6.  Plaintiff, Corey Quinn, sometime before May of 2007, incurred credit card debt for personal and household expenses with Bank of America in the approximate amount of $2,540.12.

7.  Upon information and belief, this debt was referred to Defendant, GC Services Limited Partnership, for collection.

8.  Sometime in May of 2007, an individual named Cogswell called Plaintiff at his place of employment, Harvey Trailers, in Bangor, Penobscot County, and asked if Corey was there.  The call was received on Harvey Trailers' telephone.

9.  During said phone conversation, Plaintiff advised Mr. Cogswell that he was going to file bankruptcy, to which Mr. Cogswell replied, "So you can get a little certificate that says you don't have to pay your bills.".

10. Plaintiff then advised Mr. Cogswell that "I cannot have calls at work and I am very busy. They have a strict rule." In response, Mr. Cogswell kept demanding payment until Plaintiff hung up on him.

11. On or about June 6, 2007, a Mr. Collock called Plaintiff at work, but no conversation took place.

12. On June 13, 2007, Plaintiff was given a note by a co-worker that a Mr. Collock had called and had left a number.

13. After work, Plaintiff returned the call and spoke with a Mr. Collock of GC Services Limited Partnership who advised Plaintiff that he needed to make payment in full now and that if he did not, GC Services Limited Partnership was going to take legal action. Mr. Collock further advised that "this will go above me." This is your "last chance to work it out".

14. Plaintiff responded in this phone call to Mr. Collock's demands by demanding that he not be called at work, at which point Mr. Collock said, "As long as there's a debt to resolve, we'll be calling".

15. On or about June 16, 2007, Plaintiff received a phone call on his personal cell phone while he was at work and a number was left. The number came up on his caller id, to wit, 904-306-7406.

16. Five minutes later on June 16, 2007, Plaintiff was called at work on his employer's phone. Plaintiff did not speak with the individual calling the second time on June 16, 2007, but that individual, a Ms. Grosflinz, left a message that Plaintiff needed to call soon.

17. On or about June 19, 2007, at approximately 2:00 P.M., Plaintiff received a phone call on his personal cell phone from an individual whose name he cannot remember, but who identified himself or herself as being with GC Services Limited Partnership. Plaintiff took the call on his cell phone and simply indicated that he was very busy at work and hung up.

18. On or about June 20, 2007, at approximately 2:00 P.M., Plaintiff received a call at work from a Ms. Grosflinz from GC Services Limited Partnership on his personal cell phone while he was at work. He did not take the call, but a message was left for him to call GC Services Limited Partnership "ASAP."

19. On or about June 22, 2007, at approximately ten minutes after Noon, Plaintiff received a call on his personal cell phone while he was at work from a person identifying himself as Rick Merritt with GC Services Limited Partnership. Plaintiff did not take the call and a message was left that he should call and that it was important.

20. On or about June 25, 2007, at approximately 5:30 P.M., Plaintiff received a call on his personal cell phone which he did not answer and for which there was no message left, but which showed on his caller id the number 904-306-7486.

21. On or about June 25, 2007, at approximately ten minutes after 6:00 P.M., Plaintiff received on his personal cell phone a call from Ms. Grosflinz of GC Services Limited Partnership. He did not accept the call, but a message was left to call and that it was important.

22. On or about July 3, 2007, at approximately 7:50 P.M., Plaintiff received a call on his personal cell phone which he did not answer and for which no message was left, but which showed on his caller id the number 904-304-7486.

23. On or about July 3, 2007, at approximately 8:00 P.M., Plaintiff received a call on his personal cell phone which he did not accept and for which no message was left, but which showed on his caller id the number 904-304-7486.

24. On or about July 5, 2007, at approximately Noon, Plaintiff received a call at work from a Mr. Fleming with GC Services Limited Partnership. Mr. Fleming advised Plaintiff of the balance due and asked how he was going to take care of it today. Plaintiff responded by asking why he was calling him at

work, to which Mr. Fleming responded, "Well, why not, you don't answer your home phone, so why wouldn't we?"

25. Mr. Fleming in this telephone conversation continued to demand money from Plaintiff saying it was not acceptable that Plaintiff could not do anything right now. Plaintiff responded by telling him that he was going to be filing bankruptcy, at which point Mr. Fleming asked for Plaintiff's lawyer's name whereupon Plaintiff advised him that they would be hearing from his lawyer.

26. On or about July 6, 2007, at approximately 8:45 A.M., Plaintiff received a call on his cell phone which he did not accept and for which there was no message, but which showed on his caller id the number 904-398-6943.

27. On or about July 16, 2007, at approximately 12:40 P.M., Plaintiff received a call on his cell phone which he did not accept, but for which a message was left which he could not understand, but for the phone number which was 904-306-7484.

28. Over the course of May, June, and July, 2007, during which time Plaintiff was receiving the calls referenced herein from GC Services Limited Partnership, he found the repeated phone calls, especially at work, to be extremely annoying, frustrating, and troubling.

29. Nancy Harvey, one of the owners of Harvey Trailers, sometime in June of 2007, after a number of calls had been made by GC Services Limited Partnership to Harvey Trailers in connection with Plaintiff, spoke to Plaintiff advising him that his receiving of these calls was not acceptable and that he needed to "deal with it" and see to it that these calls stopped.

## V.  FIRST CLAIM FOR RELIEF

30. The allegations of Paragraphs 1 through 29 above are realleged and incorporated herein by reference.

31. The foregoing acts and omissions by the Defendant, GC Services Limited Partnership, constitute violations of the FDCPA, which include, but are not limited to, the following:

   a. The Defendant, GC Services Limited Partnership, violated 15 U.S.C., Section 1692c(a)(3) by communicating with the consumer in connection with the collection of a debt at the consumer's place of employment when the debt collector knew, or had reason to know, that the consumer's employer prohibited the consumer from receiving such communications.

   b. The Defendant, GC Services Limited Partnership, violated 15 U.S.C., Section 1692(d) by engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

32. As a result of the above violations of the FDCPA, the Defendant, GC Services Limited Partnership, is liable to the Plaintiff for actual damages, statutory damages, and attorneys fees.

## VI.  SECOND CLAIM FOR RELIEF

33. The allegations of Paragraphs 1 through 32 above are realleged and incorporated herein by reference.

34. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

35. Defendant, GC Services Limited Partnership, is a Debt Collector as defined under Title 32 M.R.S.A. Section 11002(6) and is subject to the provisions of the Maine Fair Debt Collection Practices Act (herein referred to as the MFDCPA).

36. Plaintiff, Corey Quinn, is a "consumer" as defined under Title 32 M.R.S.A. Section 11002(3)

37. The foregoing acts and omissions by the Defendant, GC Services Limited Partnership, constitute violations of the MFDCPA, which include, but are not limited to, the following:

a.  The Defendant, GC Services Limited Partnership, violated 32 M.R.S.A. Section 11013(1) by engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b.  The Defendant, GC Services Limited Partnership, violated 32 M.R.S.A. Section 11012(1)(C) by communicating with the consumer in connection with the collection of a debt at the consumer's place of employment when the debt collector knew, or had reason to know, that the consumer's employer prohibited the consumer from receiving such communications.

38.  As a result of the above violations of the MFDCPA, the Defendant, GC Services Limited Partnership, is liable to the Plaintiff for actual damages, statutory damages, and attorneys fees.

**WHEREFORE**, Plaintiff prays that this Court sanction Defendant, award such actual damages, including costs and attorneys fees, as are appropriate, and grant such other and further relief as is just and equitable.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff, Corey Quinn, demands a trial by jury in this action.

Dated at Bangor, Maine, this 14 day of March, 2008.

 /s/ Richard W. Hall, Esq.
Richard W. Hall, Esq.
Attorney for Plaintiff
107-111 Columbia Street
Bangor, Maine  04401
(207) 947-3386


/s/ Perry O'Brian, Esq.
Perry O'Brian, Esq.
Attorney for Plaintiff
42 Columbia Street
Bangor, Maine  04401
(207) 942-4697

## **VERIFICATION**

I, Corey Quinn, hereby certify that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.


Dated:  March 14, 2008

/s/ Corey Quinn
Corey Quinn
